**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAKESHORE EQUIPMENT COMPANY
d/b/a LAKESHORE LEARNING
MATERIALS,

        Plaintiff,

vs.                            Case No.  3:15-cv-329-J-34JRK

MARY ARNOLD,

        Defendant.

_____/

# O R D E R

     **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action on

March 11, 2015, by filing a two-count Verified Complaint for Injunctive Relief and Damages

(Doc. No. 2; Verified Complaint), against Defendant in state court.  On March 17, 2015,

Defendant removed this action to this Court.  <u>See</u> Notice of Removal (Doc. No. 1; Notice).

In the Notice, Defendant asserts that this Court has jurisdiction over the instant action

pursuant to 28 U.S.C. § 1332 as "it is a civil action between citizens of different states and

the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs."

Notice ¶ 3.

     Federal courts are courts of limited jurisdiction and, therefore, have an obligation to

inquire into their subject matter jurisdiction.  <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d

1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties

have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>University of South Ala.</u>

<u>v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal

court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. <u>See</u> 28 U.S.C. §1332(a); <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001); <u>Kirkland</u>, 243 F.3d at 1280. The party removing an action originally filed in state court to federal court bears the burden of proving that federal jurisdiction exists. <u>See</u> <u>Williams</u>, 269 F.3d at 1319; <u>Kirkland</u> 243 F.3d at 1281, 1281 n.5. Where the plaintiff has not pled a specific amount of damages, the defendant is required to show that by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. <u>See</u> <u>id.</u>

Additionally, to establish diversity over a natural person, a party must include allegations of the person's citizenship, <u>not where he or she resides</u>. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." <u>Taylor</u>, 30 F.3d at 1367; <u>see also</u> <u>Mississippi Band</u>

of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). On the other hand, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant asserts that "Plaintiff is an individual who resides and does business in Flagler County, Florida." Notice ¶ 6.b. (emphasis added).[1] Moreover, Defendant's conclusory assertions in the Notice regarding the amount in controversy are deficient. In the Notice, Defendant asserts that "[t]he allegations of the Complaint indicate that the amount in controversy exceeds $75,000." Id. ¶ 4. Further, Defendant asserts that "Plaintiff seeks an order forbidding Defendant from being employed by Curriculum Associates, LLC, anywhere within the state of Florida[.] . . . Accordingly, the monetary value of the benefit of any injunction clearly exceeds $75,0000.00." Id. ¶ 5. In the Verified Complaint, Plaintiff alleges that "Plaintiff seeks injunctive relief and damages in excess of $15,000.00 exclusive of attorneys' fees and costs[.]" Verified Complaint ¶ 5. Based on the Court's review of the Verified Complaint, it is not facially apparent that the amount in controversy exceeds the $75,000 jurisdictional amount. See 28 U.S.C. § 1332(a)(1). Therefore, the assertions in Defendant's Notice are insufficient to confer the Court's subject matter jurisdiction over this action. See Williams, 269 F.3d at 1319-20 (recognizing that when removing a case to federal court, if the plaintiff does not allege a specific amount of damages, and it is not apparent from the face of the complaint that the amount in controversy exceeds the

---

[1] Defendant has properly alleged Plaintiff's citizenship. See Notice ¶ 6.a.

jurisdictional amount, a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" of establishing diversity jurisdiction); see also Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x. 480, 482 (11th Cir. 2005) (holding defendant showed by a preponderance of the evidence that the jurisdictional amount was satisfied based on the allegations in the complaint).

In light of the foregoing, the Court will give Defendant an opportunity to identify the citizenship of Plaintiff, establish that the amount in controversy exceeds $75,000.00, and that this Court has jurisdiction over the instant action.

Additionally, upon review of the Verified Complaint, the Court notes that Plaintiff seeks the entry of preliminary injunctive relief  but has failed to comply with the procedural prerequisites for obtaining such relief.  See Verified Complaint at 10, 12.  In the event that Plaintiff intends to seek entry of a preliminary injunction in this action, the Court takes this opportunity to remind Plaintiff of some of the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Rule 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which govern the entry of preliminary injunctions.  Rule 65(a) states that the Court may issue a preliminary injunction only on notice to the opposing party. See Fed. R. Civ. P 65(a).  Likewise, Local Rule 4.06(a) dictates that notice must be given at least fourteen days in advance of a hearing on the matter.  See Local Rule 4.06(a). Moreover, Local Rule 4.06(b) requires the party applying for a preliminary injunction to comply with certain procedural requirements set forth in Local Rule 4.05(b). See Local Rule 4.06(b)(1).  For example, a request for injunctive relief must be made by separate, properly

-4-

titled motion.  <u>See</u> Local Rule 4.05(b)(1).  Additionally, the motion must be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury.  <u>See</u> Local Rule 4.05(b)(2).  Local Rule 4.05(b) also requires that the motion describe precisely the conduct sought to be enjoined, set forth facts on which the Court can reasonably determine the amount of security to be posted, be accompanied by a proposed form of the order, and contain a supporting legal memorandum.  <u>See</u> Local Rule 4.05(b)(3).  In addition, the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, the potential harm to the opposing parties, and the public interest, if any.  <u>See</u> Local Rule 4.05(b)(4).  As such, to the extent that Plaintiff intends to seek <u>preliminary</u> injunctive relief, Plaintiff should review and comply with all requirements of the Rules and the Local Rules of this Court.

Accordingly, it is hereby **ORDERED**:

Defendant shall have until **March 31, 2015**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 19th day of March, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:
Counsel of Record